GEO. SMITH et al. *v.* JNO. SEATON.

**Landlord and Tenant — Holding over after Expiration of Lease — Notice — Adverse Possession — Instructions.**

An open and adverse holding after a lease expires, authorizes the presumption of notice to the landlord, and it is error to instruct the jury that actual notice must be given by the adverse claimant in pos-session.

**Same.**

Tenant cannot deny title under which he enters, if the lease covered the land in controversy; the lessee became tenant of the lessor and cannot deny the title under which he held without an adverse possession of fifteen years.

**Champerty.**

The Statutes of Champerty do not apply until tenant has held adversely to his landlord for fifteen years.

APPEAL FROM LEWIS CIRCUIT COURT.

March 2, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The instructions were wrong and misleading on the first trial, therefore, the court properly granted a new trial.

The first and second instructions given at plaintiff's instance on the last trial were correct; the third one should also have been given with a modification.

Logan was a mere renter from Clark for a year; he disclaimed both possession and claimed he should, therefore, not be held responsible for all the damages which may have resulted to plaintiff by reason of the detention of the possession, use, cutting timber, etc.

The fourth instruction was erroneous and useless as the first properly expounded the law of the case.

Open and notorious adverse holding after lease expired authorized the presumption of notice to the landlord, and to instruct that actual notice must be given by the adverse claimant in possession is erroneous.

The first and second instructions asked by defendant were properly rejected, and the third properly given.

If the written obligation between Berry and Clark covered the land in contest, then Clark became tenant and cannot deny the title under which he held without an adverse possession of fifteen years. Nor does the Statute of Champerty apply until his title may be matured by such adverse holding as decided in Baley v. Deakin, 5 B. Mon. 161.

On another trial the jury should be permitted to *sever* the damages, and if the plaintiff should recover the judgment may be for the land as well as for damages.

For these errors the judgment is reversed with directions for a new trial, and further proceedings as herein indicated.

*Ireland,* for Appellants.

*Dulin,* for Appellee.